ALEXANDER G. CALFO, No. 152891
  ACalfo@kslaw.com
PAUL R. JOHNSON, No. 115817
  PJohnson@kslaw.com
VINCENT TREMONTI, No. 301571
  VTremonti@kslaw.com
KING & SPALDING LLP
633 West 5th Street, Suite 1700
Los Angeles, California 90071
+1 213 443 4355
+1 213 443 4310 (fax)

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARCHIBALD AND BERNADETTE ARCHIBALD,<br><br>        Plaintiffs,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>        Defendants. | No.<br><br>**NOTICE OF REMOVAL OF ENTIRE CASE**<br><br>Santa Clara County –Superior Court<br><br>Case No: 17-CV-314858 |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that defendant Ford Motor Company (Ford), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, removes this case from the Superior Court of the State of California, Santa Clara County, to the United States District Court for the Northern District of California. This Court has *diversity* jurisdiction and *federal-question* jurisdiction.

**The case as filed in state court**

1.    This is a civil action that plaintiffs David Archibald and Bernadette Archibald filed August 17, 2017, in the Superior Court of the State of California for the County of Santa Clara, titled *David Archibald and Bernadette Archibald vs. Ford Motor Company, and DOES 1 through 10*, No. 17-CV-314858. The only defendant sued by its name is Ford. Plaintiffs also

NOTICE OF REMOVAL                                                                                                              1

sued fictitiously named defendants Does 1 through 10. *See* complaint (attached as **Exhibit A**).

2. Plaintiffs allege five causes of action under the Song–Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq*.) (Song–Beverly Act), a sixth cause of action under the Magnuson–Moss Warranty Act (15 U.S.C §§ 2301–2312) (Magnuson–Moss Act), and a seventh cause of action claiming fraud by omission. *See* complaint (**Exhibit A**). Plaintiffs allege claims for various compensatory damages, a civil penalty two times actual damages, punitive damages, attorney fees, and other relief. *See id.* at pp. 10-11.

**Service and timely removal**

3. Ford has 30 days to remove following service of a copy of the complaint on its agent for service of process—served here on September 15, 2017. Thus, this notice of removal, filed October 16, 2017 is timely.

**Other procedural compliance**

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Ford are included in attached **Exhibit A**.

5. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California because this District embraces the place in which the removed action has been pending.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal, including a copy of this notice of removal, will be given to all adverse parties promptly after the filing with this Court of this notice of removal.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal, including a copy of this notice of removal, will be filed with the Superior Court of the State of California for the County of Santa Barbara promptly after the filing with this Court of this notice of removal.

8. If any question arises as to the propriety of removing this action, Ford respectfully requests notice and the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

**This Court has diversity jurisdiction, 28 U.S.C. § 1332(a)**

9. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because the dispute is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs).

**The citizenship of plaintiff and defendant is diverse**

10. There is complete diversity of citizenship between plaintiffs, on the one hand, and Ford, on the other hand. *See* 28 U.S.C. § 1332(a)(1) ("citizens of different States").

11. Plaintiffs are—and, at the time they commenced this action, were—citizens and residents of the State of California. Complaint ¶ 2 (**Exhibit A**) ("Plaintiffs are residents of Riverside, CA").

12. Ford is—and, at the time plaintiff commenced this action, was—a citizen of the States of Delaware and Michigan for purposes of diversity jurisdiction and removal. *See* 28 U.S.C. § 1332(c)(1). Ford is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. *See* excerpt from Ford's 2016 Form 10-K filing (attached as **Exhibit B**); *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

13. For removal based on diversity of citizenship, as here, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

14. Ford disputes that it is liable to plaintiffs for any damages whatsoever. However, it is established on the face of the complaint that the amount in controversy in this action exceeds $75,000 (exclusive of interest and costs). *See* 28 U.S.C. § 1332(a).

15. *First*, in the first cause of action, alleging breach of the Song–Beverly Act, plaintiffs allege more than $25,000 of actual damages: "Plaintiffs suffered damages in a sum to be proven at trial that exceeds $25,000." Complaint, ¶ 12 (**Exhibit A**). *Second*, in addition, plaintiffs claim entitlement to a civil penalty of "two times" their actual damages. Complaint, ¶ 13 (**Exhibit A**) (citing Cal. Civ. Code § 1794(c)). Two times the alleged actual damages of more than $25,000 necessarily exceeds $50,000. *Thus*, when the alleged actual

damages exceeding $25,000 are combined with the claimed civil penalty exceeding $50,000, the amount in controversy exceeds $75,000. Further, plaintiff incorporates these allegations in every other cause of action. Complaint, ¶¶ 16, 21, 24, 28, 33, and 45 (**Exhibit A**).

16. Moreover, plaintiffs have also alleged claims for punitive damages and for attorney fees, which will only add to the alleged amount in controversy in this case. In fact, the Song–Beverly Act allows for the recovery of attorney's fees, and claims for attorney fees in these types of cases regularly approach or exceed $100,000. *See* Declaration of Spencer P. Hugret dated September 25, 2017, filed in the United States District Court, Eastern District of California in *Sorenson v. Ford Motor Company,* No. 2:17-cv-01987-JAM-AC., ¶ 5 (**Exhibit C**). The law firm representing plaintiffs has previously claimed attorney fees at rates ranging from $325 to $650 per hour. *See Gray v. BMW of North America, LLC*, Civ. No. 13–cv–3417, 2017 WL 3638771 (D.N.J. Aug 24, 2017); excerpt, exhibit to declaration of Payam Shahian of Strategic Legal Practices APC dated June 23, 2017 (attached as **Exhibit D**).

17. In addition, in comparable cases that have involved the Ford DPS6 transmission, as here, plaintiffs have sought punitive damages far in excess of $75,000, for several hundred thousand dollars each. Again, plaintiffs here alleges a claim for punitive damages in addition to other claims for damages. *See* complaint at ¶ 57 (**Exhibit A**).

18. Ford has met its burden to demonstrate the threshold amount in controversy for diversity jurisdiction. There is no burden to present supporting evidence at this point. A removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). The notice of removal "need not contain evidentiary submissions." *Id.* at 1197. "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

19. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v.*

*Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). If the Court concludes the complaint does not state an amount of controversy in excess of $75,000 on its face, then the Court may also consider facts averred in the removal petition. *Abrego*, 443 F.3d at 690. Where the defendant's allegations are challenged, both sides "should have an opportunity to submit evidence and argument to the district court . . . ." *Ibarra,* 775 F.3d at 1195. The Court may then determine "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* This standard requires only that the removing party present—in response to a motion to remand—evidence that "it is more likely than not" that the amount in controversy is satisfied. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

20. In considering the amount in controversy, civil penalties under the Song-Beverly Act are properly included in the calculation. *Hall v. FCA US, LLC*, No. 1:16-cv-00684-DAD-JLT, 2016 WL 4445335, at *4 (E.D. Cal. Aug. 24, 2016); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). So too are attorney fees "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language." *Sekula v. FCA Us LLC*, No. 1:17-cv-00460-DAD-JLT, 2017 WL 3725931, at *4 (E.D. Cal. Aug. 30, 2017) (quoting *Galt G/G v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). In addition, the amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

21. Here, Ford has more than met its burden to show that the amount in controversy exceeds $75,000.

### This Court also has federal-question jurisdiction

22. Alternatively, this Court also has federal-question jurisdiction under 15 U.S.C. § 2310(d)(1)(A) and 28 U.S.C. § 1331.

23. In this case, plaintiff asserts a claim pursuant to the federal Magnuson–Moss Act (15 U.S.C. § 2301 *et seq.*). Complaint ¶¶ 33 – 44. For original jurisdiction over a claim under the Magnuson–Moss Act, the amount in controversy must exceed $50,000 (exclusive

of interest and costs) "computed on the basis of all claims to be determined" in the suit. *See* 15 U.S.C. § 2310(d)(3)(B).

24. In determining the amount in controversy for claims made under the Magnuson–Moss Act, the Court may address the amount in controversy requirement in the same manner as for diversity jurisdiction. *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005). Specifically, the Court may include civil penalties potentially recoverable under the Song–Beverly Act in calculating the amount in controversy. *Romo* 397 F. Supp. 2d at 1239-40.

25. As explained in paragraphs 15 & 16, the amount in controversy under the Song–Beverly Act—based on the combination of alleged actual damages and the claimed civil penalty alone—exceeds $75,000. Thus, the Magnuson–Moss Act threshold of $50,000 is far exceeded.

26. Pursuant to 28 U.S.C. § 1367(a), where the Court has original jurisdiction in a civil action, as it does here, it shall have supplemental jurisdiction over all other claims that are so related to the claims in the action that are within such original jurisdiction that together they form part of the same case or controversy under Article III of the United States Constitution.

27. The other bases for relief asserted by plaintiffs in this case all arise out of the same set of alleged facts and are part of the same case or controversy. As such, this Court has supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

## Conclusion

28. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because (i) it is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California; (ii) it is between citizens of different States; and (iii) the amount in controversy exceeds $75,000. Alternatively, this case is also properly removed to this Court based on federal-question jurisdiction pursuant to 28 U.S.C. § 1331

over the Magnuson–Moss Act claim, with an amount in controversy in excess of $50,000, and supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

DATED: October 16, 2017

Respectfully,

KING & SPALDING LLP

By: */s/ Paul R. Johnson*
    ALEX G. CALFO
    PAUL R. JOHNSON
    VINCENT TREMONTI

Attorneys for Defendant
FORD MOTOR COMPANY